**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK TUFANO,** | : | **No. 3:25-CV-976** |
| | : | |
| **Plaintiff** | : | **(Munley, J.)** |
| | : | |
| **v.** | : | **(Caraballo, M.J.)** |
| | : | |
| **FENIX INTERNET, LLC,** | : | |
| | : | |
| **Defendant** | : | |

# REPORT AND RECOMMENDATION

The undersigned respectfully recommends that the Court dismiss and close this action for failure to serve process. Plaintiff Frank Tufano failed to offer proof of service of his complaint, despite multiple orders instructing him to comply with the mandates of Federal Rule of Civil Procedure 4. As over 15 months have passed since Tufano initiated this action, with no response to the Court's subsequent orders directing service, dismissal is warranted.[1]

[1] Tufano, a prolific pro se litigant, has filed over 50 federal actions in the Middle District of Pennsylvania alone. He thus is well aware of his service obligation, has repeatedly been ordered to effectuate service in numerous actions after failing to follow the mandates of Rule 4, *see, e.g.*, *Tufano v. Reddit, Inc.*, No. 3:25-cv-1495, and one of those litigations was dismissed for failure to effectuate service. *See Tufano v. TikTok*, No. 3:25-cv-1175. Indeed, two of his other actions were filed against the same defendant as here, apparently arising out of the same circumstances. *See Tufano v. Fenix Internet, LLC*, No. 3:24-cv-1115 (dismissed for failure to state a

## I. Background

On June 2, 2025, Tufano, proceeding pro se, filed a complaint initiating this action against Fenix Internet, LLC. Doc. 1. In his complaint, Tufano disputes the legality of the termination of his account on the internet site "OnlyFans." Doc. 1 at 1. Tufano asserts that defendant Fenix Internet, LLC "is the assumed operating LLC for [OnlyFans] to do business in the United States." *Id.* Tufano further identifies Fenix Internet, LLC as "the known LLC contact for OnlyFans . . . whose residence and domicile is . . . [in Delaware]. *Id.* at 3.

The same day he initiated this action, Tufano moved for leave to proceed in forma pauperis. Doc. 2. The Court initially granted Tufano's motion to proceed in forma pauperis on June 16, 2025, but subsequently revoked that status. Docs. 4–6. Tufano paid the filing fee, and received summons for service on April 8, 2026. Docs. 8–10.

On April 8, 2026, the Court directed Tufano to serve the complaint and summons on Fenix Internet, in accordance with Rule 4, and to file proof of service on the docket thereafter. Doc. 9. On July 6, 2026,

claim upon which relief can be granted); *Tufano v. Fenix Internet LLC*, No. 3:25-cv-1165 (stayed pending resolution of this action).

Tufano filed a motion for default judgment, claiming that he served Fenix Internet with process via U.S. Postal Service, but the defendant failed to respond to this action. Doc. 11 at 2. Tufano attached to his motion a U.S. Postal Service Certified Mail Receipt addressed to Fenix Internet at its alleged Wilmington, Delaware address. Doc. 11-2. The motion did not include any other details on this purported attempted service.

On July 28, 2026, the Court denied the motion for default judgment, without prejudice, as Tufano did not obtain an entry of default from the Clerk of Court in the first instance. Doc. 12. In that Order, the Court also directed Tufano to provide proof of proper service on Fenix Internet, or show cause why this action should not be dismissed. *Id.* The Court advised Tufano of his failure to provide proof of service, or the identity of the process server, in accordance with the Federal Rules of Civil Procedure and the Middle District of Pennsylvania's Local Rules. *Id.* The Court also advised Tufano that, absent waiver of service, his attempts to serve Fenix Internet via certified mail did not comport with federal, Pennsylvania, or Delaware rules of service. *Id.*

In response, on August 13, 2026, Tufano filed a proof of service, in which he averred that "[s]ervice was attempted in person on two separate addresses registered with the secretary of state, where an individual denied service at both locations." Doc. 13 at 1. Attached to the document were two service affidavits from attempted service conducted in California and Florida. *Id.* at 3–4. The first service affidavit stated that the process server attempted to serve Fenix Internet at 8200 Mannix Dr., Los Angeles, CA, on August 5, 2026, but that "an individual who identified themselves as the resident [] stated subject moved." *Id.* at 3. The second service affidavit stated that the process server attempted to serve Fenix Internet at 2598 East Sunrise Blvd., Ste. 2104, Fort Lauderdale, FL, on August 6, 2026, but that "an individual who identified themselves as the employee [] stated service not permitted. This is Regus in the Galleria Mall. Property manager says the Subject is Virtual. Regus does not accept Court Documents for Virtual Client." *Id.* at 4. Thus, neither affidavit evinced a successful service of process on Fenix Internet, or that Fenix Internet maintained any operations at the two attempted locations.

Accordingly, on September 3, 2026, the Court issued an order notifying Tufano again that his attempts to serve process were deficient. Doc. 14. Tufano was afforded a final opportunity to effectuate service and provide proof of service, by September 24, 2026. *Id.* at 6. The Court advised Tufano that the failure to comply may result in the dismissal of this action pursuant to Rule 4(m). That deadline has elapsed, and Tufano has not offered any proof of service. Fenix Internet likewise has not appeared in this action.

## II. <u>Discussion</u>

### A. Dismissal Under Rule 4(m)

Tufano's failure to serve process, or provide proof of proper service in this action mandates dismissal. Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> **Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "The language of Rule 4(m) is both clear and mandatory. Where there is an unjustified and unexcused failure to

timely serve a complaint the court 'must dismiss the action.'" *Straker v. Deutsche Bank Nat. Tr.*, 2013 WL 1754130, at *4 (M.D. Pa. 2013), *report and recommendation adopted*, 2013 WL 1750962 (M.D. Pa. 2013).

In conjunction with Rule 4(m)'s requirements, Rule 4(l)(1) provides that, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). The Court's local rules set a deadline to submit that affidavit of service within 14 days of service. M.D. Pa. L. R. 4.1. And all litigants, whether appearing pro se or counseled, must abide by the federal and local rules. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (emphasizing that pro se litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."(quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (footnote omitted) ("procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel.").

Here, the Clerk of Court issued summons on April 8, 2026. Doc. 10. Tufano thus had until July 7, 2026, to serve the complaint on

Fenix Internet in accordance with Rule 4(m), and docket a corresponding affidavit of service thereafter. When he filed, on July 6, 2026, a motion for default judgment, claiming that he served Fenix Internet with process via U.S. Postal Service, the Court advised him of his deficient service and afforded him another 30 days to serve process properly and docket proof of service. Doc. 12. When Tufano responded, on August 13, 2026, by offering deficient proof of service, the Court again afforded him a sua sponte extension to provide proof of proper service by September 24, 2026. Doc. 14. Despite that repeated beneficence, Tufano has not offered any proof of proper service on Fenix Internet, or shown good cause for a failure to serve. As over 15 months have passed since Tufano initiated this action, and over five months since he received summons for service, those shortcomings warrant dismissal. *See Beckerman v. Susquehanna Twp. Police*, 254 F. App'x 149, 154 (3d Cir.2007) (affirming dismissal where plaintiff did not demonstrate good cause for failing to serve process); *Foster v. Pa. Hum. Rel. Comm'n*, 157 F. App'x 488, 490 (3d Cir. 2005) (affirming dismissal where plaintiff failed to serve defendant "properly despite repeated requests and warnings from the District Court to do so.").

## III. Recommendation and Notice

For the reasons set forth above, it is **RECOMMENDED** that:

1. The complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**; and

2. The Clerk's Office be **DIRECTED** to **TERMINATE** Fenix Internet as the defendant, and **CLOSE** this case.

Tufano is placed on notice that, pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L. R. 72.3. Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

Date: October 1, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge